IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WENDELL DUNCAN                                                                    PETITIONER

V.                                                          CIVIL ACTION NO.: 4:18CV6-MPM-DAS

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
RECORDS DEPARTMENT                                                           RESPONDENT

## ORDER GRANTING MOTION TO DISMISS

Petitioner Wendell Duncan, a prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge issues surrounding his parole eligibility and earned-time calculation. Respondent has moved to dismiss the petition, and Duncan has failed to respond to the motion. The time to do so has passed, and this matter is ripe for review. For the reasons set forth below, Respondent's motion will be granted.

### I.
### Background and Procedural History

Wendell Duncan is an inmate housed in the Mississippi Department of Corrections ("MDOC"), pursuant to four convictions and sentences he received in the Circuit Court of Washington County, Mississippi: (1) a 1994 conviction for burglary of a business and conspiracy to commit burglary of a business, to which he was sentenced as an habitual offender to serve consecutive terms totaling twelve years; (2) a 1995 armed robbery conviction, to which Duncan was ordered to serve thirty years as a non-habitual offender, with the sentence to run consecutively to the previously imposed twelve-year sentence; and (3) a 1995 guilty plea to simple assault on a law enforcement officer, to which Duncan was sentenced to a five-year term as an habitual offender, with the sentence to run consecutive to Duncan's other sentences without eligibility for parole. *See* Docs. #13-1, #13-2, & #13-3.

On November 17, 2016, MDOC forfeited a total of 1,260 days of Duncan's accrued earned time, because of state and federal actions filed by Duncan that were dismissed as frivolous. *See* Doc. #13-5. On August 8, 2017, Duncan was granted parole on his thirty-year sentence for armed robbery and began serving his mandatory five-year sentence for simple assault on a police officer. *See* Doc. #13-4. On October 6, 2017, MDOC forfeited an additional 180 days of Duncan's accrued time due to the dismissal of a lawsuit deemed frivolous. *See* Doc. #13-5.

Duncan engaged in near-continuous litigation in state and federal courts, arguing that MDOC's calculation of his time is incorrect. *See* Docs. #13-9 through #13-20 & #13-22 through #13-25. He also filed numerous grievances concerning the issue through MDOC's Administrative Remedy Program ("ARP"), often filing new grievances before older ones could be addressed, thereby creating a backlog of ARP filings. *See* Doc. #13-6 through #13-8, #13-31, & #13-26.

On or about January 5, 2018, Duncan filed this federal habeas action, challenging MDOC's calculation of his earned time and the fact that he has not been granted release on parole. Doc. #1. Specifically, Duncan claims that his due process rights were violated when he was not granted parole on July 10, 2016, as if he had been paroled on his eligibility date, MDOC would have been unable to take his earned time on November 17, 2016 for filing frivolous lawsuits. *See id.*

## II.
## Discussion

Federal habeas relief is available to Duncan only on the ground "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). The issues of whether Duncan was improperly denied parole until August 8, 2017, and whether MDOC improperly calculated or

2

forfeited his earned time are not constitutional claims upon which habeas relief may be granted. A federal habeas action "based on any argument that state courts are incorrectly applying their own law. . . is not a basis for [federal habeas] relief." *Wansley v. Miss. Dep't of Corrs.*, 769 F.3d 309, 312 (5th Cir. 2014).

## A. Parole

Under federal law, there is no recognized right to parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Under Mississippi law, absolute discretion regarding parole decisions rests with the Parole Board. *See* Miss. Code Ann. § 47-7-1, *et seq.*; *Mitchell v. State*, 561 So. 2d 1037, 1039 (Miss. 1990) ("The granting of parole or denial of parole. . . is the exclusive responsibility of the state parole board[.]"). Both the Mississippi Supreme Court and the Fifth Circuit have held that Mississippi's permissive parole statutes do not create a liberty interest that will support a habeas action for failure to parole. *See Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) (holding that the Mississippi parole law provides only "a mere hope that the benefit will be obtained"); *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir.1987) (citing *Irving v. Thigpen*, 732 F.2d 1215, 1217–1218 (5th Cir.1984)( holding "the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach")); *see also* Miss. Code Ann. § 47-7-1, *et seq*. As the Fifth Circuit has noted, "when a prisoner has no liberty interest in obtaining parole. . . he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Wansley*, 769 F.3d at 213-13. Therefore, the Court finds that Duncan's challenge to his parole eligibility prior to the date

he was actually paroled to his mandatory five-year sentence is unavailing. Duncan has failed to raise a federal issue for relief.

**B. Earned Time**

Mississippi has a statute governing the award of trusty earned time to inmates, and that statute provides that MDOC "may" award an earned-time allowance to inmates who meet certain criteria. Miss. Code Ann. § 45-7-138.1. Mississippi law also provides that MDOC may take away an inmate's earned time under certain circumstances if an inmate files lawsuits that are dismissed as frivolous, malicious, or that fail to state a claim upon which relief may be granted. *See* Miss. Code Ann. § 47-5-138. Here, MDOC forfeited a total of 1,440 days of Duncan's earned time based on court orders entered between 1997 and 2017 that found nine of Duncan's lawsuits frivolous. *See* Doc. #13-5 & Doc. #14.

Because the decision whether to award earned time is discretionary, Mississippi law affords a prisoner no constitutionally recognized liberty interest in it. *See Scales*, 831 F.2d at 566; *see also Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, at *1 (5th Cir. 2008) (citing *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) ("There is no constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits.")). Therefore, Duncan's allegation regarding the loss of his earned time fails to give rise to a constitutional claim.

### III.
### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. A petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial

4

showing of the denial of a constitutional right" of any claim rejected on its merits, which he or she may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court finds that a COA should be denied in this case.

## IV.
## Conclusion

For the reasons set forth above, Respondent's motion to dismiss [13] is **GRANTED**, and the petition for writ of habeas corpus filed in this cause is **DISMISSED**. A certificate of appealability from this decision is **DENIED**. A final judgment consistent with this Order will enter today.

**SO ORDERED** this 19th day of June, 2018.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE